Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-2098-19-F

| | | |
|---|---|---|
| EXOTIC TROPICAL PET WORLD<br>*Plaintiff,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |
| TRAVELERS CASUALTY INSURANCE<br>COMPANY OF AMERICA<br>*Defendant.* | §<br>§<br>§ | 332nd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Exotic Tropical Pet World ("Plaintiff"), complains of Travelers Casualty Insurance Company of America ("Travelers" or "Defendant") and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2. Plaintiff is a Texas limited liability company with its principal place of business in Hidalgo County, Texas.

3. Travelers Casualty Insurance Company of America ("Travelers") and is a domestic insurance company engaging in the business of insurance in Texas. This Defendant may be

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2098-19-F

served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Issuance of citation is requested at this time.

4. The Clerk is requested to issue Citations.

## III.
## JURISDICTION

5. Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

6. The court has jurisdiction over Defendant because Defendant engages in the business of insurance in Texas and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

7. Venue is proper in Hidalgo County, Texas, because the insured property giving rise to this cause of action is situated in Hidalgo County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

8. Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

9. All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2098-19-F

## VI.
## FACTS

10. Plaintiff leased certain real property with improvements and business property located at **1400 E. Expressway #83, McAllen TX 78503** (the "Property"), which was insured by insurance policy number **680375M2246-42** issued by Travelers (the "Policy").

11. On or about **September 2, 2016**, the Exotic Pet's property suffered fire damage, which was not the result of a force of nature.

12. Plaintiff subsequently made a claim and demand for payment with Defendant for damages to the Property and business interruption covered by the terms of the Policy under claim number **E4P6508** (the "Claim").

13. Subsequent to Plaintiff making the Claim, Defendant assigned R. Lenay Blaze, to adjust Plaintiff's Claim. Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas Law in handling Plaintiff's Claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim. Plaintiff has complied with any and all of Plaintiff's obligations under the Policy.

14. To date, after multiple reviews of the accounting information and a settlement conference, the carrier has refused to release any more Funds. Further, Travelers has failed to properly evaluate and adjust the business interruption claim and set arbitrary and non-fact based cut-off dates for a determination of business as normal. Exotic Pet has provided income tax returns and accounting for the business interruption and provided the history of continued loss, which reasonably extends to 18 months from the date of the fire.

15. The gulf between the adjuster's and expert's findings related to business interruption and the Insured's experts' findings, combined with the arbitrary cut off dates applied to the business interruption, shows the claim was intentionally undervalued. Travelers has not cited to any

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2098-19-F

policy language or issued a formal denial letter. Instead, Travelers insisted on an informal mediation, with restrictive terms. The mediation did not resolve the outstanding matters. In short, Travelers has denied and stalled. Meanwhile, Exotic Pet still struggles due to the lack of proper payment.

16. The current facts demonstrate Exotic Pet is making every effort to maintain its business as a going enterprise. The fire dealt a severe blow to this lucrative business, who hires autistic children. Exotic Pets lost its retail location, lost goodwill and its largest clients. Traveler's wholly ignored the Plaintiff had to find a replacement property properly certified and constructed facility to operate its business.

17. Defendant made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim. Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

18. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2098-19-F

question had been satisfied by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

19. Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

20. Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when TRAVELERS's liability was reasonably clear. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

21. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

22. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

23. Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2098-19-F**

evaluation of Plaintiff's Claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

24. Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

25. Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

26. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

27. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2098-19-F

29. Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT

30. Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract.

31. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

32. The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

33. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

34. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2098-19-F

liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

35. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

36. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

37. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

38. Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

   C.   **Prompt Payment Of Claims Violations.**

39. The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2098-19-F

Defendant. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

   a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

   c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

40. Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

   **D.   Breach Of The Duty Of Good Faith And Fair Dealing.**

41. Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

## VIII.
## KNOWLEDGE

42. Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

43. Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2098-19-F

44. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

48. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

49. Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

C-2098-19-F

## XI.
## REQUEST FOR DISCLOSURE

50. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

51. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

BARTON LAW FIRM

By: /s/ *Wayne D. Collins*
WAYNE D. COLLINS
State Bar No. 00796384
wcollins@bartonlawgroup.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900 – Facsimile

Electronically Filed
5/10/2019 4:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2098-19-F**